## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

SADIQULLAH SALARZAI,

      **Plaintiff,**

v.

UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES,

      **Defendant.**

:

:

:

**Case No. 2:26-cv-668**
**Chief Judge Sarah D. Morrison**
**Magistrate Judge Chelsey M.
Vascura**

## OPINION AND ORDER

This matter is before the Court on Sadiqullah Salarzai's Motion for

Temporary Restraining Order and Preliminary Injunction. (Mot., ECF No. 3.) The

Court held an informal preliminary conference pursuant to S.D. Ohio Civ. R.

65.1(a), at which counsel for both parties appeared. (ECF Nos. 11, 13.) During the

conference, the Court found Mr. Salarzai's Motion to be well taken as to his claim

for mandamus relief under 28 U.S.C. § 1361 (Count I) and his claim for

unreasonable delay in violation of the Administrative Procedure Act ("APA") (Count

II). This Opinion and Order memorializes the Court's ruling.

Mr. Salarzai, an Afghan national, was lawfully paroled into the United States

in 2021 and subsequently applied for asylum. (Compl. ¶¶ 2, 4, ECF No. 1.) On

December 11, 2025, the United States Citizenship and Immigration Services

("USCIS") received Mr. Salarzai's Form I-765 Application for Employment

Authorization ("EAD Application"), wherein he sought approval to work while his

asylum application was pending. (*Id.* ¶ 5.) As of the date of this Opinion and Order, Mr. Salarzai's EAD Application has been pending for over 150 days without any decision by USCIS. (*Id.* ¶ 7.) Until USCIS adjudicates his EAD Application, Mr. Salarzai is in a precarious position without lawful means to provide for himself and his family, including his eight children. (*Id.* ¶ 1.)

Mr. Salarzai argues that USCIS violated 8 C.F.R. § 208.7(a)(1) by failing to process his EAD Application within that regulation's mandatory 30-day period.[1] (Mot., PAGEID # 62.) He asks the Court to enjoin USCIS from further delay and require USCIS to immediately adjudicate his EAD Application. (*Id.*, PAGEID # 65.)

In determining whether to issue a temporary restraining order ("TRO") or preliminary injunction ("PI"), the Court considers four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable harm; (3) whether the TRO or PI would substantially harm third parties; and (4) whether the TRO or PI would serve the public interest. *See PCC Airfoils, LLC v. Daugherty*, No. 25-3794, 2026 WL 1396626, at *2 (6th Cir. May 19, 2026) (citations omitted); *York Risk Servs. Grp., Inc. v.*

---

[1] At the time Mr. Salarzai filed his EAD Application, the regulation required USCIS to process such applications within 30 days. *See* 8 C.F.R. § 208.7(a)(1) (effective prior to May 29, 2026). Several months later, though, the Department of Homeland Security ("DHS") issued an interim final rule removing the 30-day adjudication deadline from the regulation. *See* USCIS Immigration Fees and Related Procedures Required by H.R. 1 Reconciliation Bill, 91 FR 22952 (April 29, 2026) (codified at 8 C.F.R. pts. 103, 106, 208, 244, 274a). Neither party raised the amendment during the preliminary conference. Nevertheless, for purposes of Mr. Salarzai's Motion, the Court finds that he has a vested right to the adjudication of his EAD Application under the prior version of the regulation.

*Couture*, 787 F. App'x 301, 304 (6th Cir. 2019). These four factors are not prerequisites but rather must be balanced. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985).

Upon review of the Complaint, the Motion, and all materials filed in support thereof and in consideration of the matters discussed during the preliminary conference, the Court finds that (1) Mr. Salarzai is substantially likely to succeed on the merits of his mandamus and APA claims; (2) Mr. Salarzai will suffer irreparable harm absent this Opinion and Order; (3) neither USCIS nor any third party will be harmed by issuance of this Opinion and Order; and (4) this Opinion and Order is in the public interest. Mr. Salarzai's Motion is thus **GRANTED**. The Court further **WAVIES** the security requirement. *See* Fed. R. Civ. P. 65(c).

USCIS is hereby **ORDERED** to adjudicate Mr. Salarzai's EAD Application on or before **June 12, 2026**. Additionally, the Court hereby **SETS** this matter for a status conference on **June 12, 2026**, at a time to be indicated via subsequent Order.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**